**DENIED**

The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order.

BY THE COURT:

Mark D. Thompson
District Court Judge
DATE OF ORDER INDICATED ON ATTACHMENT

Court Address: 501 N. Park Avenue,
Breckenridge, CO 80424
(970) 453-2241

EFILED Document
CO Summit County District Court 5th JD
Filing Date: Apr 22 2011  8:06AM MDT
Filing ID: 37187553
Review Clerk: Kari Novotny

**PLAINTIFFS:**

**JOHNNY WOODS and WOODS PROPERTIES II, INC.**

v.

**DEFENDANTS:**

**JPMORGAN CHASE BANK, N.A. and CHASE HOME**

**FINANCE LLC**

**COURT USE ONLY**

*Plaintiffs' Attorney:*
Reuben M. Waterman
P.O. Box 5827
Breckenridge, Colorado 80424
Phone Number: (970) 418-1284
Fax Number: (419) 821-8683
E-mail: waterman12@mindspring.com
Atty. Reg. #: 30476

Case Number:

_____

Division _____

**MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

NOW COME the Plaintiffs, Johnny Woods and Woods Properties II, Inc., by and through their attorney, Reuben M. Waterman, and move this Court for a Temporary Restraining Order pursuant to C.R.C.P. Rule 65(b) and a Preliminary Injunction pursuant to C.R.C.P. Rule 65(a), and in support thereof states as follows:

1.      The grant or denial of a temporary restraining order or preliminary injunction is a decision that lies within the sound discretion of the trial court. *Rathke v. MacFarlane*, 648 P.2d 648, 652 -653 (Colo. 1982). In exercising its discretion, the trial court must find that the moving party has demonstrated: (1) a reasonable probability of success on the merits; (2) a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief; (3) that there is no plain, speedy, and adequate remedy at law; (4) that the granting of a preliminary injunction will not disserve the public interest; (5) that the balance of equities favors the injunction; and (6) that the injunction will preserve the status quo pending a trial on the merits. *Id.*

2.      The following facts are presented in the affidavit attached hereto and made a part hereof.

3.      Johnny Woods ("Woods") is the president of Woods Properties II, Inc ("the Company").

4.      Since November 10, 2005 the Company has been the record owner of Lot 22, Mesa Cortina, Filing No. One, according to the plat thereof recorded July 11, 1996 under reception no. 105250, County of Summit, State of Colorado, also known by street and number as: 311 Lake View Dr, Silverthorne, CO 80498 ("the Property").

5.      Since November 14, 2005 the Property has been subject to a lien evidenced by a Deed of Trust securing a promissory note in the face amount of $240,000 under which Woods was the payor.

6.      The Deed of Trust was originally granted to JPMorgan Chase Bank, N.A. and is presently held by Chase Home Finance LLC (collectively, "Chase").

7.      As of July 26, 2010, Chase represented the outstanding balance on the note to be $189.705.20. While this amount is presently higher due to accrued interest, fees, and costs, it is almost certainly at or below $200,000 at the present time.

8.      Two years ago, the Property was appraised and insured for $1,177,000. In today's real estate market, the value has significantly decreased, but Plaintiffs have had informal appraisals from realtors of a market value of approximately $700,000.

9.      In February, 2010, Woods started falling behind on payments on the home.

10.     Woods has been in continual negotiations with Chase up to the present time to structure a modification of the loan.

11.     During the entire time of said negotiations, Chase has represented and promised Woods that no foreclosure sale would take place while the modification process was ongoing.

12.     Chase has represented to Woods up to the present time that the modification process was ongoing.

13.     The foreclosure sale by the Summit County Trustee is presently scheduled for tomorrow, April 22, 2011.

14.     Neither the Company nor Woods has ever received any notice that his ongoing efforts at loan modification were no longer suspending the foreclosure sale of the property as Chase had been continually represented to him that they were.

15.     The Company has sufficient funds to cure the default on the mortgage if Chase proposes reasonable terms for such cure.

16.     Neither the Company nor Woods has ever received any written or formal notice of the scheduled foreclosure sale of the property on April 22, 2011 by the Summit County Public Trustee, and Woods discovered the pending sale during an unrelated conversation with a Chase representative.

17.     If this Court does not grant a temporary restraining order, the foreclose sale will take place tomorrow, April 22, and the Company will immediately lose the property and approximately $500,000 in equity, which loss will be irreparable and for which there is no adequate remedy at law.

18.     The relief sought in this Motion will preserve the *status quo* pending a trial on the merits and is not against public policy.

19.     Counsel for Plaintiffs has been in contact with Castle Meinhold & Stawiarski. LLC, attorneys for Chase in the foreclosure proceedings. Counsel for Plaintiffs has requested that the sale be postponed to allow time for a loan modification or for Plaintiffs to protect their equity; however no response has been received. Counsel for Chase was informed that absent a postponement of the sale this litigation would be initiated and a preliminary injunction sought. They have been provided with the affidavit filed with this Motion and will be provided with copies of all filings and any order entered by this Court.

20.     Thus, Chase, though its counsel, has actual knowledge of the relief sought by this Motion.

REUBEN M. WATERMAN (# 30476)
Attorney for Plaintiffs
P.O. Box 5827
Breckenridge, Colorado 80424

April 21, 2011

**This document constitutes a ruling of the court and should be treated as such.**

| | |
|---|---|
| **Court:** | CO Summit County District Court 5th JD |
| **Judge:** | Mark Thompson |
| **File & Serve Transaction ID:** | 37183406 |
| **Current Date:** | Apr 22, 2011 |
| **Case Number:** | 2011CV245 |
| **Case Name:** | Woods vs JPMorgan Chase Bank |

**Court Authorizer Comments:**

The Court has reviewed the Complaint and Jury Demand and the Motion for Temporary Restraining Order and Preliminary Injunction and the Affidavit offered in support thereof. While the Court is of the view that a temporary restraining order may be appropriate in order to delay a sale pending a full hearing on the request for an injunction, Plaintiffs have failed to name an indispensable party with respect to the relief sought, namely the Public Trustee of Summit Colorado. The Public Trustee is the party conducting the sale of the property and is the party to be enjoined. The Court is not aware of any authority whereby it may join a party sua sponte. The Court does not believe there are sufficient grounds presented on which it may enter a temporary order compelling mandatory relief against the named defendant in the form of an order that the foreclosure sale be withdrawn. As such, the Court must deny the motion.

**/s/ Judge Mark Thompson**