| | |
|---|---|
| District Court Summit County, Colorado<br>Court Address: 501 N. Park Avenue,<br>Breckenridge, CO 80424<br>(970) 453-2241<br><br>PLAINTIFFS:<br><br>JOHNNY WOODS and WOODS PROPERTIES II, INC.<br><br>v.<br><br>DEFENDANTS:<br><br>JPMORGAN CHASE BANK, N.A.; CHASE HOME FINANCE LLC; AND THE PUBLIC TRUSTEE OF SUMMIT COUNTY, COLORADO | **EFILED Document**<br>**CO Summit County District Court 5th JD**<br>**Filing Date: Apr 22 2011  9:23AM MDT**<br>**Filing ID: 37190059**<br>**Review Clerk: Kari Novotny**<br><br><br>▲   **COURT USE ONLY**   ▲ |
| | Case Number:<br><br>2011 CV 245<br><br>Division T |
| **TEMPORARY RESTRAINING ORDER** | |

      THIS MATTER comes before the Court on the Plaintiffs' Amended Complaint and Jury Demand ("Complaint") and Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), and the Court having reviewed the same and being otherwise fully advised,

      FINDS:

      1.     A temporary restraining order may entered if it clearly appears from specific facts shown by affidavit or by the verified complaint or testimony that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard, and the movant's attorney certifies to the Court the efforts made to give notice of the proceedings.   The grant or denial of a temporary restraining order or preliminary injunction is a decision that lies within the sound discretion of the trial court. *Rathke v. MacFarlane*, 648 P.2d 648, 652 -653 (Colo. 1982).

      2.     The within proceedings were filed after 4:00 p.m., on April 21, 2011.

      3.     There is a Public Trustee's sale scheduled for 10:00 a.m., on April 22, 2011, with respect to the real property identified in the Complaint.

      4.     Plaintiffs contend that they have not received formal notice of the Public Trustee's sale. Plaintiffs further contend that Defendants JP Morgan Chase, N.A., and Chase Finance LLC have engaged in a pattern of misconduct.

5. In view of the unique nature of real property, the claimed value of the equity in the property, and the legal effect of a Public Trustee's sale under C.R.S. § 38-38-100.3 *et seq.,* immediate and irreparable harm will be caused to Plaintiffs in the event the sale is not temporarily enjoined. A temporary restraining order will preserve the *status quo* pending a hearing on the merits.

6. Plaintiffs have provided notice of the request for a temporary injunction to Defendants JP Morgan Chase, N.A., and Chase Finance LLC.

Based upon the foregoing findings, IT IS THEREFORE ORDERED that:

1. Defendants JP Morgan Chase, N.A., and Chase Finance LLC, and The Summit County Public Trustee is HEREBY ENJOINED from conducting a public sale of the real property described as Lot 22, Mesa Cortina Filing No. One, according to the plat thereof recorded July 11, 1995, at Reception No. 105250, County of Summit, State of Colorado, and also known by street address as: 311 Lake View Drive, Silverthorne, CO 80498;

2. This matter is hereby set for ½ day evidentiary hearing on Plaintiffs' motion for a preliminary injunction on Friday, April 29, 2011, at 9:00 a.m., and Plaintiffs shall provide notice of such hearing to Defendants prior to the close of business on Friday, April 22, 2011;

3. This Order is entered at 9:30 a.m. on Friday, April 22, 2011, and shall expire at 9:30 a.m., on May 2, 2011.

Done this 22nd day of April, 2011.

BY THE COURT:

Mark D. Thompson
District Court Judge

This document constitutes a ruling of the court and should be treated as such.

**Court:** CO Summit County District Court 5th JD

**Judge:** Mark Thompson

**File & Serve Transaction ID:** 37189061

**Current Date:** Apr 22, 2011

**Case Number:** 2011CV245

**Case Name:** Woods vs JPMorgan Chase Bank

**/s/ Judge Mark Thompson**